BRISCOE, Circuit Judge,
concurring:
Frances Wilson pursued and prevailed at trial on a theory of direct employer liability under Title VII for sexual harassment perpetrated by her direct supervisor. In particular, she alleged, and the jury agreed, that Tulsa Junior College (TJC) knew or should have known of the harassment but failed to take appropriate corrective action. See generally Burlington Industries, Inc. v. Ellerth, - U.S. -, -, 118 S.Ct. 2257, 2267, 141 L.Ed.2d 633 (1998) (acknowledging theory of direct employer liability). In this appeal, we are asked to determined whether there is a legally sufficient evidentiary basis for the jury’s verdict. See Harolds Stores, Inc. v. Dillard Dept. Stores, 82 F.3d 1533, 1546 (10th Cir.1996) (discussing standard of appellate review for district court’s ruling on motion for judgment as a matter of law).
Viewing the evidence in Wilson’s favor, I too would affirm but would limit the basis for affirmance. Like Chief Judge Seymour, I agree that TJC had actual knowledge of the harassment through Mr. Weber. More specifically, I am persuaded that Mr. Weber’s job responsibilities were such that his knowledge of the harassment should be imputed to TJC for purposes of Title VII. See Distasio v. Perkin Elmer Corp., 157 F.3d 55, 63 (2d Cir.1998) (under Title VII, official’s actual knowledge will be imputed to employer if official is sufficiently high in management hierarchy to qualify as proxy, if official is charged with duty to act on the knowledge and stop the harassment, or if official is charged with duty to inform employer of the *544 harassment); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 673 (10th Cir.1998) (actual knowledge will be demonstrable in most cases where harassment has been reported to management-level employees). Not only did Mr. Weber act on his knowledge by directing TJC employees to investigate the harassment, I believe he had a duty, flowing from his role as Campus Police Supervisor and not because of any provision in TJC’s sexual harassment policy, to inform other TJC officials of sexual harassment reported to him. Given TJC’s actual knowledge of the harassment, we need not address whether TJC’s sexual harassment policy was effective. This question would only come into play if we were addressing whether TJC should have known of the harassment.